# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**AARON C. PORTER,**
**# L37704,**

    **Plaintiff,**

**vs.**                                                                                       **Case No. 4:20cv233-AW-MAF**

**MARK S. INCH, et al.,**

    **Defendants.**

_____/

## AMENDED REPORT AND RECOMMENDATION[1]

Plaintiff Aaron C. Porter is an inmate incarcerated in the custody of the Florida Department of Corrections. Plaintiff submitted a pro se complaint, ECF No. 1, and a motion for in forma pauperis status, ECF No. 2. Plaintiff's motion was found to be insufficient because it did not comply with 28 U.S.C. § 1915(b)'s requirement that a prisoner submit an account statement reflecting the six month period of time prior to case initiation.

---

[1] This Report and Recommendation is entered to consider additional documents filed by Plaintiff after issuance of an Report and Recommendation on May 6, 2020. ECF No. 4.

*See* ECF No. 4.  Plaintiff's motion, ECF No. 2, included only a two month period of time.

Nevertheless, Plaintiff acknowledged within his complaint that he had accumulated "three strikes" and had more than three cases dismissed for the reasons listed under § 1915(g).[2]  ECF No. 1 at 9.  Plaintiff claimed to be "in imminent danger of serious physical injury because of" the incident alleged in his complaint.  *Id.* at 1, 8.  Thus, Plaintiff's complaint was reviewed to determine if he had presented sufficient facts to permit him to proceed with in forma pauperis status as required by 28 U.S.C. § 1915(g), if he were to supply all of the account information required.[3]  Finding that he had not done so, *see* ECF No. 4, a Report and Recommendation was entered recommending dismissal of this case.

---

[2] Judicial notice is taken that Plaintiff has had several cases dismissed under § 1915(g) because he did not sufficiently allege imminent danger.  *See*, *e.g.,* case # 2:07cv729, M.D. Fla; case # 3:07cv447, M.D. Fla; case # 04-61202, S.D. Fla.; and case # 5:19cv82-TKW-MJF, N.D. Fla.  The following cases were dismissed for failure to state a claim in the Southern District of Florida: case # 0:03cv60920, case # 0:03cv60793, and case # 0:03cv60789.

[3] That statute, commonly referenced as the "three strikes" provision, states: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g) (quoted in O'Connor v. Suwannee Corr. Inst., 649 F. App'x 802, 804 (11th Cir. 2016)).

Case No. 4:20cv233-AW-MAF

In response, Plaintiff filed an objection, ECF No. 5, and then a first amended complaint, ECF No. 6, accompanied by a motion for leave to file a supplemental complaint, ECF No. 8, and an amended motion for in forma pauperis status, ECF No. 7. This Amended Report and Recommendation addresses those documents.

First, Plaintiff's amended in forma pauperis motion sufficiently demonstrates that Plaintiff lacks funds with which to pay the filing fee for this case. ECF No. 7. Although it does not present a full six month period of time because prison officials provided him with only a three month accounting, Plaintiff is indigent. Even so, Plaintiff cannot be granted in forma pauperis status unless he demonstrates imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Second, Plaintiff's motion for leave to file a supplemental complaint, ECF No. 8, is construed as leave to file the amended complaint, ECF No. 6, which Plaintiff simultaneously submitted with those motions. That motion is granted in a separate Order entered this day and Plaintiff's amended complaint has been reviewed.

Plaintiff alleges that he is serving a life sentence and has been labeled at some time in the past as a "snitch." ECF No. 6 at 10. Plaintiff contends that at each institution in which he has been housed, he has been

assaulted, battered, and threatened. *Id.* Plaintiff advises that he has been told that he is "the subject of a gang 'hit.'" *Id.* After suffering "various injuries," Plaintiff received medical attention and requested placement in a protective management unit. *Id.* He alleges that prison officials at each of those prior institutions would deny his requests and transfer him to resolve his need for protection. *Id.*

Plaintiff notes that he has challenged such events in another case currently pending in this Court, case number 4:19cv126-WS-MAF. *Id.* at 11. He contends that after filing that case, he was recommended for placement in a protective management unit. *Id.*

He asserts that in July of 2019, he was transferred to Wakulla Correctional Institution for placement in the protective management unit. *Id.* at 11. Plaintiff observed conditions in the unit and filed an informal grievance asserting that his life was in danger. *Id.* at 12. The grievance was denied since Plaintiff was already in protective management but he was advised to contact his dormitory staff if had experienced further issues and he could be placed in administrative confinement pending review for additional protection. *Id.* Plaintiff's challenges to that denial were all denied through the grievance process. *Id.* at 13-14.

On September 14, 2019, Plaintiff was attacked by a gang member while in the protective management unit. ECF No. 6 at 14. He was given medical treatment and then transferred in October 2019 to a protective management unit at Columbia Correctional Institution. *Id.* at 15. Due to alleged "trickery," Plaintiff signed a release form and was moved out of the protective management unit in January 2020 where he was then attacked by gang members on the prison bus. *Id.* Plaintiff was transferred again, but while at Walton Correctional Institution, he was sexually assaulted by his cell mate. *Id.*

Plaintiff claims that the practice of resolving requests for protection by transfer is unsuccessful and he "is under imminent danger of serious physical injury." *Id.* at 15-16. He contends that he is "experiencing an ongoing pattern of acts and attacks and is under imminent danger of serious physical injury . . . ." *Id.* at 16. He alleges that as recently as May 4, 2020, he was called a "snitch" and "writ writter" [sic] by two officers (Defendants Bellamy and Peil) and was slapped. *Id.* at 17. Plaintiff alleges that they threatened him if he continued to file grievances or reported their conduct, and subsequently wrote him a disciplinary report for possession of contraband. *Id.* Plaintiff was found guilty of that disciplinary report on May

14, 2020. *Id.* As relief, Plaintiff seeks monetary damages and an injunction. *Id.* at 21.

Plaintiff is currently confined at the North West Florida Reception Center [NWFRC] in Chipley, Florida. ECF No. 6 at 2. Plaintiff has named 10 persons as Defendants, but he is only physically located with two of them - Bellamy and Peil. *Id.* at 4. Plaintiff named those persons only in the amended complaint, not the original complaint, and his assertions against them are based on an event from May 4 and 10, 2020. ECF No. 6 at 17. Because the amended complaint was filed in this Court on May 22, 2020, Plaintiff could not have exhausted administrative remedies as to the actions of Defendants Bellamy and Peil.[4] Thus, the amended complaint is insufficient to state a viable claim against those Defendants.

As for Plaintiff's claims against the remaining eight Defendants, he is not physically located with any of them and, thus, cannot be in danger from them. Rather, Plaintiff contends he is in danger from other inmates and the Department's pattern of transferring him to resolve his protection issues is insufficient. While that is a sufficient claim, Plaintiff is currently pursuing

---

[4] The impossibility of exhaustion is more obvious from the fact that Plaintiff gave his amended complaint to prison officials to mail for him on May 18, 2020. ECF No. 6 at 22.

that claim in case number 4:19cv126-WS-MAF.[5]  Plaintiff may not simultaneously litigate the same issue, based on the same facts, in two separate cases.  Because one case is sufficient to provide Plaintiff an avenue in which to litigate his issue, this case should be dismissed as duplicative.

Moreover, review of Plaintiff's amended complaint reveals that the specific factual allegations presented are based on past injury and harm.  Plaintiff details such instances, but he does not provide a clear statement of facts to show that he faces imminent danger of serious physical injury in his current housing status as the NWFRC.  Rather, Plaintiff presents vague and conclusory allegations of future injury and appears to allege that he is always in danger.

In the case of Medberry v. Butler, 185 F.3d 1189, 1192 (11th Cir. 1999), the court analyzed "what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis because he is in imminent danger of serious physical injury [as] an issue of first impression in this Circuit."  The court concluded that "a prisoner's allegation that he faced

---

[5] Plaintiff has ongoing litigation in this Court which is based on the same basic issue - that the Department of Corrections seeks to resolve protection requests by "sham" transfers which do not abate the risk of harm to him.  See ECF No. 20 of case # 4:19cv126-WS-MAF.

imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Medberry, 185 F.3d at 1193 (citations omitted). Because Medberry's allegations only concerned the alleged event which formed the basis for his complaint, the court held that he did not show he was in imminent danger either at the time the complaint was filed, "or that he was in jeopardy of any ongoing danger." 185 F.3d at 1193.

Plaintiff's factual allegations in both the original complaint, ECF No. 1, and the amended complaint, ECF No. 6, show past harm. However, Plaintiff does not sufficiently allege that he faces imminent harm in the future at his current institution. Plaintiff's complaints are focused on past events and he has not described current or imminent danger.

Therefore, because Plaintiff's amended complaint is not sufficient to show that Plaintiff is currently in danger at the Northwest Florida Reception Center, and because this case is not necessary to challenge a policy which Plaintiff contends exposes him to ongoing danger, this case should be dismissed. In light thereof, Plaintiff is not entitled to in forma pauperis status under 28 U.S.C. § 1915(g) and his in forma pauperis motions should be denied.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's in forma pauperis motions, ECF No. 2 and 7, be **DENIED**, and Plaintiff's amended complaint, ECF No. 6, be **DISMISSED** because Plaintiff's factual allegations are insufficient to permit him to proceed under 28 U.S.C. § 1915(g) without full payment of the filing fee at the time of case initiation.

**IN CHAMBERS** at Tallahassee, Florida, on June 24, 2020.

      S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). If Plaintiff fails to object to this recommendation, he will waive the right to appeal the District Court's order based on the unobjected-to conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**