IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**AARON C. PORTER,**

    **Plaintiff,**

v.                                          Case No. 4:20-cv-233-AW-MAF

**MARK S. INCH, et al.,**

    **Defendants.**

_____/

## ORDER OF DISMISSAL

Aaron Porter, a state prisoner, has sued prison officials who he contends violated his constitutional rights. In his amended complaint (ECF No. 6), he alleges that he has been labeled a prison "snitch" and that, as a result, he is routinely attacked, beaten, and sexually assaulted by other inmates. He also alleges that two of the defendant prison officials assaulted him and threatened him for being a prison "writ writer."

As he acknowledges, Porter is a "three striker," meaning he cannot proceed without paying the entire filing fee (which he has not done) unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A now-withdrawn report and recommendation concluded that Porter had alleged only past harm and had not alleged sufficient facts to support "imminent danger." ECF No. 4. In response, Porter alleged that he had, in fact, alleged enough. ECF No. 5. He argued that he was under continuous threat from other inmates, that prison officials

1

consistently provided inadequate protection—merely moving him from facility to facility after each attack, despite threats from attacks at every facility. To the extent this is his claim now, it is duplicative of claims in other cases. As Porter admits, he has raised similar claims in several other cases. *See Porter v. Inch*, Report and Recommendation, ECF No. 7, Case No. 4:20-cv-230 (N.D. Fla. June 19, 2020) (collecting cases and noting that "[e]ach case includes claims of assault by various gang members or sex offenders at different institutions and allegations of failure to protect against correctional institution employees"). In one, the court found that similar allegations as presented here were sufficient to allege imminent danger. *See Porter v. Inch*, Order, ECF No. 10, Case No. 4:19-cv-126 (N.D. Fla. June 19, 2020). I agree with the magistrate judge that this case should be dismissed as duplicative. I therefore approve the report and recommendation (ECF No. 11), to which no objection has been filed.

The clerk will enter a judgment that says, "The complaint is dismissed without prejudice." The clerk will close the file.

SO ORDERED on September 9, 2020.

s/ *Allen Winsor*  
United States District Judge